```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ANDRE WALTON,                         : 10 Civ. 6301 (JSR) (JCF)
                                      :
             Plaintiff,               :      REPORT AND
                                      :      RECOMMENDATION
    - against -                       :
                                      :
CORRECTION OFFICER ALSTON,       `    :
Individually, CORRECTION OFFICER      :
ALSTON, in her Official Capacity,     :
NEW YORK CITY DEPARTMENT OF           :
CORRECTIONAL SERVICES, COMMISSIONER   :
MARTIN F. HORN, Dept. of              :
Corrections,                          :
             Defendants.              :
- - - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:

Andre Walton, an inmate at the Anna M. Kross Center at Rikers Island Correctional Facility, brings this action pro se pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. On August 20, 2010, he was granted in forma pauperis status by Chief Judge Loretta A. Preska. One defendant, former Department of Corrections Commissioner Martin F. Horn, now asks that the plaintiff's in forma pauperis status be revoked due to his litigation history, pursuant to 28 U.S.C. § 1915(g). For the reasons that follow, I recommend that this request be granted.

Discussion

Mr. Walton filed the complaint in this action on July 8, 2010, alleging that Correction Officer Alston had, without provocation, sprayed him with mace and then denied him medical treatment for his

1

resulting injuries.  (Complaint at 4A, 5).  On August 20, 2010, Judge Preska signed an order granting the plaintiff's request to proceed in forma pauperis.  (Endorsed Request to Proceed In Forma Pauperis dated Aug. 20, 2010).  After being served with the complaint, Mr. Horn wrote to the Court requesting that the plaintiff's in forma pauperis status be revoked pursuant to 28 U.S.C. § 1915(g), which bars the granting of in forma pauperis status to an inmate who has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); (Letter of Bradford C. Patrick dated Nov. 17, 2010 ("Patrick 11/17/10 Letter")).

Commissioner Horn points to three prior actions, or "strikes," filed in this court by Mr. Walton: (1) Walton v. Bennett, No. 03 Civ. 3564; (2) Walton v. Friel, No. 03 Civ. 3565; and (3) Walton v. Stamelos, No. 03 Civ. 3566.  (Patrick 11/17/10 Letter at 2).  Each of these lawsuits was filed while Mr. Walton was incarcerated. (Patrick 11/17/10 Letter at 2; Order of Dismissal at 1, Walton v. Bennett, Nos. 03 Civ. 3564, 03 Civ. 3565, 03 Civ. 3566 (S.D.N.Y. May 16, 2003) ("Order of Dismissal").  The lawsuits, accepted for filing on the same date and assigned sequential civil action

2

numbers, all arose from the same chain of events -- Mr. Walton's detention, arrest, and indictment for grand larceny and criminal possession of stolen property. (Order of Dismissal at 1-2). The actions were consolidated and dismissed on May 16, 2003 by then-Chief Judge Michael B. Mukasey "for failure to state a claim on which relief may be granted." (Order of Dismissal at 8).

A. Prior Actions

   1. Walton v. Bennett, No. 03 Civ. 3564

In this action, Mr. Walton sued his defense attorneys, Fredric Bennett and Michele Maxian, accusing them of inadequate representation in connection with his criminal prosecution. (Complaint, ¶¶ IV, IV-A, Walton v. Bennett, No. 03 Civ. 3564 (S.D.N.Y. Sept. 28, 2002)). In dismissing this lawsuit for failure to state a claim, Judge Mukasey found that both Mr. Bennett and Ms. Maxian were private actors and therefore not amenable to suit pursuant to 42 U.S.C. § 1983 absent an allegation of "special circumstances suggesting concert of action between [them] and a state representative." (Order of Dismissal at 5-6). Because Judge Mukasey's opinion clearly states that this suit was dismissed for failure to state a claim on which relief may be granted, it counts as a strike for purposes of § 1915(g). (Order of Dismissal at 8); cf. Harris v. City of New York, 607 F.3d 18, 23-24 (2d Cir. 2010) ("The district court may [even] rely on the relevant docket sheets

numbers, all arose from the same chain of events -- Mr. Walton's detention, arrest, and indictment for grand larceny and criminal possession of stolen property. (Order of Dismissal at 1-2). The actions were consolidated and dismissed on May 16, 2003 by then-Chief Judge Michael B. Mukasey "for failure to state a claim on which relief may be granted." (Order of Dismissal at 8).

    A. Prior Actions

        1. Walton v. Bennett, No. 03 Civ. 3564

In this action, Mr. Walton sued his defense attorneys, Fredric Bennett and Michele Maxian, accusing them of inadequate representation in connection with his criminal prosecution. (Complaint, ¶¶ IV, IV-A, Walton v. Bennett, No. 03 Civ. 3564 (S.D.N.Y. Sept. 28, 2002)). In dismissing this lawsuit for failure to state a claim, Judge Mukasey found that both Mr. Bennett and Ms. Maxian were private actors and therefore not amenable to suit pursuant to 42 U.S.C. § 1983 absent an allegation of "special circumstances suggesting concert of action between [them] and a state representative." (Order of Dismissal at 5-6). Because Judge Mukasey's opinion clearly states that this suit was dismissed for failure to state a claim on which relief may be granted, it counts as a strike for purposes of § 1915(g). (Order of Dismissal at 8); cf. Harris v. City of New York, 607 F.3d 18, 23-24 (2d Cir. 2010) ("The district court may [even] rely on the relevant docket sheets

if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.").

### 2. Walton v. Friel, No. 03 Civ. 3565

The plaintiff's second prior suit accused Michael Friel, the officer who arrested him for grand larceny, and the New York City Police Department (the "NYPD") of having tampered with evidence that was used in connection with his prosecution. (Complaint, ¶ IV Exhs., Walton v. Friel, No. 03 Civ. 3565 (S.D.N.Y. Nov. 16, 2002)). Mr. Walton argues that the termination of this action should not count as a strike because the case was dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and therefore should have been dismissed without prejudice. (Respon[s]e to Order at 4). Heck holds that a plaintiff cannot recover monetary damages in a § 1983 action for false arrest if the criminal charges or conviction stemming from that arrest have not been dismissed, vacated, or otherwise terminated in a manner favorable to the plaintiff. Heck, 512 U.S. at 486-87. Until such time as they are, a false arrest claim "is not cognizable under § 1983." Heck, 512 U.S. at 487, 489.

In dismissing Mr. Walton's false arrest claims against Mr. Friel and the NYPD, Judge Mukasey stated that "[s]ince plaintiff does not allege that the charges against him were dismissed, or

4

that his conviction, if he was convicted, has been invalidated or otherwise judicially called into question, his complaints as to these allegations must be dismissed under Heck." (Order of Dismissal at 5). Judge Mukasey separately characterized this dismissal as being "for failure to state a claim on which relief may be granted." (Order of Dismissal at 8). Therefore, while it is possible that Mr. Walton's false arrest claim may have accrued at some point after 2003 if the "criminal proceedings ha[d] terminated in the plaintiff's favor," this claim was categorically not cognizable at the time he filed it, and thus it is properly considered a strike under § 1915(g). See Heck, 512 U.S. at 489-90.

 3. Walton v. Stamelos, No. 03 Civ. 3566

Mr. Walton's third filing accused Saks Fifth Avenue and one of its security guards, John Stamelos, of "negligently and maliciously" invading his privacy by videotaping him while he was in the department store. (Complaint, ¶ IV, Walton v. Stamelos, No. 03 Civ. 3566 (S.D.N.Y. Jan. 16, 2003)). Judge Mukasey dismissed Mr. Stamelos because he is a private actor not alleged to have acted "under color of state law" and Saks Fifth Avenue because it is not a "person" under § 1983. (Order of Dismissal at 6-8). Because this dismissal was clearly grounded on the plaintiff's failure to state a claim on which relief could be granted, it too counts as a strike for purposes of § 1915(g). (Order of Dismissal

5

at 8).

   B. Consolidation

   Although each of Mr. Walton's prior filings is properly characterized as a strike when considered individually, these actions were consolidated and subsequently dismissed in a single decision, thereby suggesting that they could be considered a single strike. This question -- whether multiple in forma pauperis filings that are subsequently consolidated and dismissed are counted as one strike or multiple strikes for purposes of 28 U.S.C. § 1915(g) -- was squarely addressed by the Second Circuit in Palmer v. New York State Department of Corrections, 342 Fed. Appx. 654 (2d Cir. 2009). The plaintiff in that case, while previously incarcerated, had brought three sequentially-numbered pro se civil rights actions against three different sets of defendants. Palmer v. N.Y.S. Dept. of Correction Greenhaven, No. 06 Civ. 2873, 2007 WL 4258230, at *7 (S.D.N.Y. Dec. 4, 2007) (adopting report and recommendation). The actions were consolidated and dismissed for failure to state a claim on which relief could be granted. Id. The Honorable Kevin N. Fox, U.S.M.J., found that these three filings each counted as a strike under § 1915(g); when the plaintiff challenged this finding, the Honorable Paul A. Crotty, U.S.D.J., held that "there is no good reason why the three lawsuits which Plaintiff chose to bring as separate actions, and are

identified by separate docket numbers, and proceed against separate defendants, should be counted as only one." Id. at *3, *7.  The Second Circuit affirmed, explaining:

> For purposes of determining whether a strike has occurred, Section 1915(g) focuses the inquiry on the prisoner's act of bringing an action or appeal that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim.  The focus on the prisoner's litigation activity is consistent with the objectives of the PLRA.  The relevant acts in this case are Palmer's three separate filings that were each dismissed for failure to state a claim.  These cases constitute three prior occasions where Palmer has brought actions dismissed for failure to state claim.  Accordingly, the dismissals count as three strikes.  The court's act of consolidating the three cases did not convert the dismissals into a single strike.

Palmer, 342 Fed. Appx. at 655-56 (internal quotations marks and citations omitted).  Thus, it is the inmate's act of filing a claim, not the relationship of that claim to other claims nor the subsequent determination of the court with respect to that claim, that defines its character for purposes of § 1915(g).

There is little doubt that this rule penalizes pro se litigants for their ignorance of the Federal Rules of Civil Procedure.  Had Mr. Walton better understood the consequences of his separate filings, he might have joined all of his claims in a single action.  See Fed. R. Civ. P. 20(a)(2)(A) (multiple defendants may be joined in single action if relief asserted arises out of same series of transactions or occurrences).  Indeed, if an

7

inmate were to file separate cases against several corrections officers, all of whom were alleged to have participated in the very same incident of excessive force against him, <u>Palmer</u> would appear to require treating each case as an individual strike.  As harsh as the result may be, <u>Palmer</u> must be followed, and here it dictates that Mr. Walton's <u>in forma pauperis</u> status be revoked.

<u>Conclusion</u>

For the reasons set forth above, I recommend that the defendant's request be granted, the plaintiff's in forma pauperis status be revoked, and Mr. Walton be given thirty (30) days to submit the filing fee or to demonstrate that he meets the imminent danger exception under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, Room 1340 and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         February 15, 2011

Copies mailed this date to:

Andre Walton
349-10-07185
AMKC-C 95
18-18 Hazen Street
East Elmhurst, New York 11370

Bradford C. Patrick, Esq.
Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street
New York, New York 10007